09-3597-ag
Wang v. Holder

BIA
Tadal, IJ
A071 498 449

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of June, two thousand ten.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

LINYING WANG,
> *Petitioner*,

    v.                  09-3597-ag
                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:         Scott E. Bratton, Cleveland, Ohio.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Linying Wang, a native and citizen of the People's Republic of China, seeks review of a July 30, 2009, order of the BIA affirming the November 6, 1998, decision of Immigration Judge ("IJ") Mirlande Tadal, which denied her application for asylum and withholding of removal. *In re Linying Wang*, No. A071 498 449 (B.I.A. July 30, 2009), *aff'g* No. A071 498 449 (Immig. Ct. N.Y. City Nov. 6, 1998). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

We find no error in the BIA's conclusion that Wang failed to demonstrate a well-founded fear of persecution

through forced sterilization based on the birth of her four children.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 148-49 (2d Cir. 2008) (affirming the BIA's three-part test requiring an applicant claiming fear of persecution under China's population control policy to demonstrate: (1) the existence of a family planning policy in her local province, municipality, or other locally defined area; (2) that she has violated this family planning policy; and (3) that the violation would be punished in the local area in a way that would give rise to an objective fear of future persecution). The State Department Country Profile for China, which Wang cites in support of her claim, specifically states that officials in Wang's native Zhejiang province do not resort to force in response to violations of China's population control policy, and further indicates that women in Zhejiang province are allowed to have "two, three or more unauthorized children."  *See Matter of C-C-*, 23 I. & N. Dec. 899, 901-02 (BIA 2006).

Moreover, to the extent Wang submitted to the BIA evidence regarding conditions in Fujian Province, we have previously considered that evidence, and have agreed with the BIA that it is insufficient to demonstrate an

3

objectively reasonable fear of forced sterilization. *See Jian Hui Shao*, 546 F.3d at 169-71; *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).

Moreover, we decline to consider Wang's unexhausted challenge to the BIA's finding that her fear of forcible sterilization was not objectively reasonable because she was able to relocate within China. Wang failed to exhaust this challenge because she did not raise it on appeal to the BIA, despite it being the sole basis for the IJ's denial of her asylum application. *See Foster v. I.N.S.*, 376 F.3d 75, 78 (2d Cir. 2004) (requiring petitioners to raise to the BIA the specific issues later raised in this Court); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007); *see also Theodoropoulos v. I.N.S.*, 358 F.3d 162, 171 (2d Cir. 2004). Finally, because Wang fails to present any meaningful challenge to the agency's denial of her application for withholding of removal, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk